MR. JUSTICE HUNT,
dissenting:
I dissent with the majority decision to limit claimant’s total benefits to 500 weeks.
I do agree with the majority decision to remand this case for a more specific determination of claimant’s temporary total disability period but would hold that the claimant is entitled to temporary total disability in addition to the 500 weeks of permanent disability benefits he has already received.
The court is charged here with reconciling several inconsistent statutes in the 1971 Montana Workers’ Compensation Code on temporary and permanent disability benefits and duration of total combined benefits.
Some 1971 statutes in the Act provided for more than 500 weeks of benefits in spite of the limitation in Section 92-708, R.C.M. (1947). For example, Section 92-702, R.C.M. (1947), provided for an excess of 500 weeks of permanent total disability benefits in cases of hardship under the Board’s discretion. Section 92-704, R.C.M. (1947), provided for a maximum of 600 weeks for death benefits. This indicates to me that the 500 week limitation is not an absolute maximum but a general guideline for benefit limits.
The majority’s decision could deprive a permanently totally disabled claimant from receiving any temporary total disability benefits. A permanently totally disabled claimant would be absolutely limited to 500 weeks under Section 92-708, R.C.M. (1947) which is the same as the maximum total disability entitlement minus hard *18 ship factors under Section 92-702, R.C.M. (1947). With this reasoning, it would appear that only permanently partially disabled claimants or ones who suffer no permanent disability would be entitled to claim temporary total disability benefits.
I do not believe this was the intent of the Workers’ Compensation Act in effect at that time.
In Yurkovich v. Industrial Accident Board (1957), 132 Mont. 77, 314 P.2d 866, this Court stated:
“In construing a statute, the whole act must be read together and where there are several provisions or particulars, a construction is, if possible, to be adopted that will give effect to it all.”
Id. at 84, 314 P.2d 870.
The majority opinion would not “give effect to the whole act” as required by this Court in Yurkovich. These statutes can be harmonized by considering Section 92-708, R.C.M. (1947) to be a general guideline for benefit limits rather than an absolute maximum. We have further held that:
“When two interpretations are a possibility, one favorable to the claimant and the other against him, the Act must be interpreted in a fashion favorable to the claimant. Geary v. Anaconda Copper Mining Co. (1947), 110 Mont. 485, 489, 188 P.2d 185, 186.
The majority’s interpretation is not consistent with this mandate.
I would hold that appellant is entitled to up to 300 weeks of temporary total disability benefits and the 500 weeks of permanent partial or permanent total disability benefits he has already received. Such a holding would resolve the inconsistencies in the 1971 statutes and also be in keeping with the McDanold, Yurkovich and Geary cases.
Appellant, for his second issue, contends the trial court used an incorrectly strict standard to determine that a discretionary award under Section 92-702, R.C.M. (1947) would not be granted.
It is apparent from the trial court’s finding that it did not consider the full standard. Section 92-702, R.C.M. (1947) requires a “loss of ’ or “loss of use” of both hands, arms, feet, legs or eyes when implementing a discretionary award.
While the trial court may refuse a discretionary award, I would hold the lower court erred by not considering the “loss of use” standard in determining the existence of hardship. This issue should be remanded to the trial court for a determination of eligibility of hardship benefits utilizing the statutory standard of “loss of’ or “loss of *19 use” of both hands, or both arms or both feet or both legs, or both eyes pursuant to Section 92-702, R.C.M. (1947).
I would reverse and remand the case.
MR. JUSTICE SHEEHY concurs in the dissent MR. JUSTICE HUNT.